James E. Goodley
GOODLEY MCCARTHY LLC
1650 Market Street, Suite 3600
Philadelphia, PA 19103
(215) 394-0541
james@gmlaborlaw.com

*Attorney for Plaintiffs*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| KENT BASSETT and MARTHA SHANE,<br><br>Plaintiffs,<br>v.<br><br>STONE VILLAGE FILMS LLC,<br>SPECTRUM DOCUMENTARY LLC,<br>MALIBU MAGIC LLC,<br>IN SEARCH OF LOVE LLC,<br>SCOTT STEINDORFF,<br><br>Defendants. | : | **Case No.**<br><br>**COMPLAINT** |

## COMPLAINT

Plaintiffs Kent Bassett and Martha Shane ("Plaintiffs"), file this Complaint against Defendants Stone Village Films LLC ("Stone Village"), Spectrum Documentary LLC ("Spectrum"), Malibu Magic LLC ("Malibu Magic"), In Search of Love LLC ("ISOL"), and Scott Steindorff ("Steindorff," together with Stone Village, Spectrum, Malibu Magic, and ISOL, "Defendants"), seeking all available relief under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA"), New York Labor Law, Art. 6 ("NYLL") and the New York City Freelance Isn't Free Act, Local Law 140 of 2016, NYC Code § 20-927, *et seq.* ("FIFA").

## JURISDICTION AND VENUE

1. Jurisdiction over Plaintiffs' FLSA claims is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as a federal question exists.

3. Pursuant to 28 U.S.C. § 1391, venue lies in this District because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this District and because Defendants conduct business in this District.

## PARTIES

4. Plaintiff Kent Bassett is an adult individual residing in New York, New York. Plaintiff Bassett was employed by Defendants from approximately January 2024 through August 2024, and performed his work in Brooklyn, New York. Plaintiff Bassett is a citizen of New York.

5. Plaintiff Martha Shane is an adult individual residing in New York, New York. Plaintiff Shane was employed by Defendants from approximately March 2024 through August 2024, and performed her work in Brooklyn, New York. Plaintiff Shane is a citizen of New York.

6. Defendant Stone Village Films LLC ("Stone Village"), is a Texas Limited Liability Company operating throughout New York City, including in this District, as well as nationwide. Stone Village maintains its corporate headquarters in Malibu, California. Upon information and belief and without access to private information only available in discovery, Stone Village has one LLC member, Defendant Steindorff. Therefore, Stone Village is a citizen only of Texas and California.

7. Spectrum Documentary LLC ("Spectrum"), is a Texas Limited Liability Company operating throughout New York City, including in this District, as well as nationwide. Spectrum

maintains its corporate headquarters in Malibu, California. Upon information and belief and without access to private information only available in discovery, Spectrum has one LLC member, Defendant Steindorff. Therefore, Spectrum is a citizen only of Texas and California.

8. Malibu Magic LLC ("Malibu Magic"), is a Texas Limited Liability Company operating throughout New York City, including in this District, as well as nationwide. Malibu Magic maintains its corporate headquarters in Malibu, California. Upon information and belief and without access to private information only available in discovery, Malibu Magic has one LLC member, Defendant Steindorff. Therefore, Malibu Magic is a citizen only of Texas and California.

9. In Search of Love LLC ("ISOL" together with Spectrum, Stone Village and Malibu Magic, "Corporate Defendants"), is a Texas Limited Liability Company operating throughout New York City, including in this District, as well as nationwide. ISOL maintains its corporate headquarters in Malibu, California. Upon information and belief and without access to private information only available in discovery, ISOL has one LLC member, Defendant Steindorff. Therefore, ISOL is a citizen only of Texas and California.

10. Defendant Scott Steindorff ("Steindorff") is an adult individual residing in Malibu, California. He is the sole owner and principal of Corporate Defendants.

## FACTS

11. Defendant Steindorff is a filmmaker and producer, who has created films including The Lincoln Lawyer and Chef. See https://www.imdb.com/name/nm0825877/ (last accessed 7/17/2025).

12. Steindorff created many limited liability companies including Corporate Defendants, each of which he personally controls. Corporate Defendants and other yet-to-be-discovered corporate entities owned and controlled by Steindorff, share employees and assets.

13. During all relevant times, Steindorff commingled assets between Corporate Defendants and his personal assets.

14. At various times prior to June 2024 (when Plaintiffs were no longer paid), different Corporate Defendants (including at least Malibu Magic and In Search of Love) and Steindorff paid Plaintiffs through various platforms, including Venmo, Paypal, Zelle and ACH.

15. Plaintiffs agreed with Defendants (via Steindorff) to work as film editors for Defendants on Steindorff's films, including "ADHD" and "In Search of Love," at the rate of $1,000 per day.

16. During the entirety of their employment (through early August 2024), Plaintiffs each regularly worked eight-hour days, five days per week. Plaintiffs performed their work for Defendants in Brooklyn, New York.

17. Prior to early June 2024, Plaintiffs were paid wages due. However, beginning in early June 2024 and lasting through the end of their employment with Defendants approximately two months later, Plaintiffs were not paid at all.

18. Despite Plaintiffs' repeated inquiries and follow-ups with Steindorff, Steindorff and Defendants failed to pay Plaintiffs their wages due.

**<u>EMPLOYMENT RELATIONSHIP</u>**

19. The Second Circuit weighs several non-exclusive factors in order to determine whether, as a matter of "economic reality," an employment relationship exists. *See, e.g., Brock v. Superior Care, Inc.*, 840 F.2d 1054 (2d Cir.1988):[1]

[1] "Neither the New York Court of Appeals nor the Second Circuit has decided whether the tests for 'employer' status are the same under the FLSA and the NYLL. However, district courts in this Circuit have consistently interpreted the definition of 'employer' under the New York Labor Law coextensively with the definition used by the FLSA." *Vasto v. Credico (USA) LLC* , 2016 U.S.

> 1) the degree of control exercised by the employer over the workers;
> 2) the workers' opportunity for profit or loss and their investment in the business;
> 3) the degree of skill and independent initiative required to perform the work;
> 4) the permanence or duration of the working relationship;
> 5) the extent to which the work is an integral part of the employer's business.

*Defendants Hired and Exercised Control Over Plaintiffs*

20. Defendants, per Steindorff, interviewed Plaintiffs for employment and Steindorff made the decision to hire them as film editors and story editors on Defendants' documentaries.

21. Defendants maintained control over the manner in which Site Experts performed their services.

22. Steindorff regularly directed Plaintiffs as to how their video editing work product needed to be changed. For example, on one occasion, Steindorff wrote to the editing team on the Love documentary (which included Plaintiffs): "Two things that annoyed me. Never ever put in a cut for showing insert pics to come. Ending sucked and was abrupt. Please add more Ruiz. More levity in the beginning, did not like poly couple take it out. This movie is for mainstream and needs to feel bigger. The images were way better." Steindorff regularly gave detailed instructions of this sort to Plaintiffs and other video editors concerning their editing work product.

23. Defendants retained the right to edit the work product produced by Plaintiffs and actually exercised such control.

*Defendants Determined Plaintiffs' Rate and Method of Payment;*
*Plaintiffs Had Minimal Opportunity for Profit or Loss and*
*Did Not Materially Invest in Defendants' Business*

24. In their employment with Defendants, Plaintiffs possessed no significant

---

Dist. LEXIS 101875, at *14 (S.D.N.Y. Aug. 3, 2016) (quoting *Inclan v. N.Y. Hosp. Grp., Inc.*, 95 F. Supp. 3d 490, 511 (S.D.N.Y. 2015)).

opportunity for profit or for loss.

25. Plaintiffs were merely paid fixed daily pay ($1,000 per day) for their video editing work.

26. Plaintiffs were not required to invest in equipment or materials with respect to their employment at Defendants. Plaintiffs merely used their existing home computers and smart phones to perform services for Defendants.

*Plaintiffs' Services Required No Special Skill or Independent Initiative*

27. Plaintiffs' services required no special skill. For example, no specific academic qualifications were required to be a video editor, much less a college degree. Similarly, no specific professional experience was required.

*Plaintiffs' Employment Was in the Nature of a Permanent Relationship*

28. Plaintiffs' employment with Defendants was in the nature of a permanent relationship. Plaintiffs regularly worked for Defendants on a full-time (40-hour per week) basis for over four months.

*Plaintiffs' Services Were An Integral Part of Defendants' Business*

29. Defendants are in the business of creating video media. Defendants' very business could not exist without the content created by its filmmakers and editors, including Plaintiffs. Indeed, the content created by Plaintiffs and others employed by Defendants who work in filming and editing, constitutes the entirety of the product offered by Defendants.

30. As a matter of economic reality, Plaintiffs were dependent on Defendants for continued employment and income, and therefore were employees of Defendants. Given the number of hours Plaintiffs worked for Defendants, the possibility and extent of outside employment was heavily curtailed.

**<u>Steindorff's Individual Liability</u>**

31. At all relevant times, Steindorff was a principal of, and owned an interest in each of Corporate Defendants.

32. Steindorff directed the work of Plaintiffs.

33. Steindorff had the power to, and did, hire, fire and discipline Plaintiffs.

34. As described herein, Steindorff exercised supervisory authority over Plaintiffs. Furthermore, Steindorff also exercised discretionary control over payroll decisions with respect to Plaintiffs. Thus, Steindorff also was an employer within the meaning of the NYLL.

**<u>Corporate Defendants Are a Single Employer</u>**

35. Corporate Defendants, during all relevant time periods, were each functionally integrated as a single entity, in that they utilized the same or similar facilities, equipment, tools, and labor relations personnel.

36. Corporate Defendants were at all relevant times, under common ownership and management (i.e., Steindorff).

37. Corporate Defendants shared employees, including but not limited to Victoria Stein (Production Coordinator), Dylan Russell (Producer) and Lindsay Davis (Executive Producer).

38. Corporate Defendants regularly commingled their assets, including with Steindorff's personal assets.

39. Thus, Corporate Defendants constitute a single employer of Plaintiffs.

**<u>Willfulness</u>**

40. Defendants knew that Plaintiffs were their employees but nevertheless during an approximate period of two months of work, Defendants refused to pay them any of their wages

owed.

41. Despite Plaintiffs' repeated requests to Defendants for payment (which even included Plaintiffs' December 2024 complaint to NYC Department of Consumer Protection), and a prior lawsuit in this District, No. 25-4430 (dismissed without prejudice), Defendants willfully refused to pay Plaintiffs their owed wages.

**COUNT I**
**VIOLATIONS UNDER THE FAIR LABOR STANDARDS ACT**
**(Plaintiffs v. Defendants)**

42. All previous paragraphs are incorporated as though fully set forth herein.

43. The FLSA requires that covered employees be compensated for all hours worked at a rate of not less than $7.25 per hour. *See* 29 U.S.C. § 206(a)(1).

44. Defendants are subject to the wage requirements of the FLSA because Defendants are each an "employer" under 29 U.S.C. § 203(d).

45. At all relevant times, Defendants have each been an "employer" engaged in interstate commerce and/or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203.

46. During all relevant times, Plaintiffs have been covered employees entitled to the above-described FLSA's protections. *See* 29 U.S.C. § 203(e).

47. Plaintiffs are not exempt from the requirements of the FLSA. Plaintiffs are entitled to be paid for all hours worked at a rate of not less than $7.25 per hour, pursuant to 29 U.S.C. § 206(a)(1).

48. Defendants knowingly failed to compensate Plaintiffs for all hours worked at a rate of not less than $7.25 per hour, in violation of 29 U.S.C. § 206(a)(1)

49. Defendants also failed to make, keep, and preserve records with respect to Plaintiffs

sufficient to determine their wages, hours, and other conditions of employment in violation of the FLSA. 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.5(a), 516(a)(1), 516.2(c).

50. In violating the FLSA, Defendants acted willfully and with reckless disregard of clearly applicable FLSA provisions.

51. Pursuant to 29 U.S.C. § 216(b), employers such as Defendants, who intentionally fail to pay an employee wages in conformance with the FLSA shall be liable to the employee for unpaid wages, liquidated damages, court costs and attorneys' fees incurred in recovering the unpaid wages.

**COUNT II**
**UNPAID WAGES, NYLL § 663**
**(Plaintiffs v. Defendants)**

52. All previous paragraphs are incorporated as though fully set forth herein.

53. At all relevant times as alleged herein, Plaintiffs were employed by Defendants within the meaning of NYLL § 651(5), and as such was entitled to all NYLL wage-payment protections.

54. As the individuals responsible for the illegal payroll practices described herein and possessing supervisory authority over Plaintiffs, Defendant Steindorff may be held individually liable under the NYLL.

55. In violation of the NYLL, Defendants failed to pay Plaintiffs their wages earned for the approximate period early June 2024 through early August 2024. Failure to pay straight-time wages is actionable under NYLL § 663. See, e.g., *Lundy v. Catholic Health Systems*, 711 F. 3d 106 (2d Cir. 2013) (district court erred in dismissing gap-time claims).

56. Pursuant to NYLL § 663(1), employers such as Defendants who fail to pay an employee wages in conformance with the NYLL shall be liable to the employee for all unpaid wages, liquidated damages equal to 100% of the unpaid wages, prejudgment interest, court costs, and attorney's fees incurred in recovering the unpaid wages.

**COUNT III**
**WAGE NOTICE AND STATEMENT PENALTIES, NYLL § 198**
**(Plaintiffs v. Defendants)**

57. All previous paragraphs are incorporated as though fully set forth herein.

58. NYLL § 195(1)(a) requires that at time of hire, employers provide their employees a written notice of the employee's "regular hourly rate and overtime rate of pay." *Id*. Defendants violated this requirement by failing to provide any notice with Plaintiffs' regular hourly rate for all hours worked.

59. NYLL § 195(3) requires that with each paycheck, employers provide employees with an accurate statement of "their regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked." *Id.* Defendants violated this requirement by failing to provide in each of Plaintiffs' pay receipts, the number of hours worked and wages paid.

60. Defendants' violations of NYLL 195(1) and (3) damaged Plaintiffs in that they were misled as to their rights as employees to receive timely payment for all wages earned. Plaintiffs were further damaged by Defendants' failure to identify the precise corporate or individual employer(s) who employed Plaintiffs. Through a tangled web of limited liability companies and other corporate entities, Defendants collectively sought to evade paying Plaintiffs the wages they were due. For example, after being confronted by Plaintiffs for failing to pay

wages due, Steindorff (incorrectly) responded that since many of his LLCs were organized under the laws of Texas, Plaintiffs could not sue for unpaid wages and compensation.

61. NYLL § 198 empowers employees to sue their employers for violations of NYLL § 195(1)(a) (up to a maximum of $5,000 per employee) and for violations of NYLL § 195(3) (up to a maximum of $5,000 per employee).

62. Plaintiffs seek the maximum allowed penalties, plus attorney fees and costs.

**COUNT IV**
**FREELANCE ISN'T FREE ACT, NYC CODE § 20-933**
**(Plaintiffs v. Defendants)**
**(In the Alternative to Counts I and II)**

63. All previous paragraphs are incorporated as though fully set forth herein.

64. The New York City Freelance Isn't Free Act, Local Law 140 of 2016, NYC Code § 20-927, *et seq*. ("FIFA") provides that a "hiring party" must pay a "freelance worker" who contracts with a hiring party to perform services for compensation, must be paid within the earlier of the date contractually set for payment and 30 days of completing the work at issue under contract. NYC Code § 20-929(a).

65. In the event the Court holds that Plaintiffs are not employees under the NYLL, at all relevant times as alleged herein, Plaintiffs were each freelance workers who performed services under contract for Defendants who were each hiring parties within the meaning of NYC Code § 20-927, and as such, Plaintiffs were entitled to the above-described FIFA protections.

66. As described herein, Plaintiffs performed services required by their contracts with Defendants, but to date, were not compensated at all for approximately their last two months of services (June through August 2024).

67. Pursuant to NYC Code § 20-933, employers such as Defendants who violate NYC Code § 20-929(a) shall be liable to the freelance worker for all unpaid compensation, liquidated

damages equal to 100% of the unpaid wages, prejudgment interest, court costs, and attorney's fees incurred in recovering the unpaid compensation.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs seek the following relief against Defendants:

A. Back pay damages (including unpaid wages and compensation for all time periods worked) and prejudgment interest to the fullest extent permitted under the law;

B. Liquidated damages and penalties to the fullest extent permitted under the law;

C. Litigation costs, expenses, and attorneys' fees to the fullest extent permitted under the law; and

D. Such other and further relief as this Court deems just and proper.

Dated: November 12, 2026

Respectfully Submitted,

/s/ James E. Goodley
James E. Goodley (NY Reg. No. 5724083)
GOODLEY MCCARTHY
1650 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (215) 394-0541
james@gmlaborlaw.com
ryan@gmlaborlaw.com

*Attorney for Plaintiffs*